COOLEY LLP
MICHELLE DOOLIN (179445)
(mdoolin@cooley.com)
MEGAN DONOHUE (266147)
(mdonohue@cooley.com)
TINA JENSEN (331764)
(tjensen@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
LOVEVERY, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KELLY HAYMOND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOVEVERY, INC.,<br><br>Defendant. | Case No. 1:23-cv-00334-ADA-CDB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LOVEVERY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: August 21, 2023<br>Time: 1:30 p.m.<br>Dept.: 1, Eighth Floor<br>Judge: Hon. Ana de Alba |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  RELEVANT BACKGROUND ........................................................................... 2

    A.   Procedural History. ................................................................................... 2

    B.   The Parties. ................................................................................................ 2

    C.   The Allegations. ........................................................................................ 2

III. LEGAL STANDARD ......................................................................................... 4

IV.  ARGUMENT ...................................................................................................... 5

    A.   Plaintiff's FAC Fails to Meet the Requirements of Rule 9 ........................ 5

    B.   Plaintiff Lacks Standing to Pursue Her Claims. ........................................ 6

        1.   Plaintiff Has Not Alleged Concrete Injury-In-Fact. ........................ 7

        2.   Plaintiff Has Not Plausibly Alleged She Suffered Economic Injuries Because of Lovevery's Alleged Statutory Violations. .................................... 8

        3.   Plaintiff Has Not Alleged Any Immediate Threat of Repeated Injury Sufficient to Seek Injunctive Relief. ................................................ 11

    C.   Plaintiff's Equitable Claims and Requests for Equitable Relief Should be Dismissed Under *Sonner* and *Guzman*. .................................................... 12

    D.   Plaintiff Fails to State a Claim Under Any UCL Prong. ........................... 13

    E.   Plaintiff's Common Law Claims Fail. ..................................................... 15

        1.   Plaintiff Fails to State a Conversion Claim. .................................... 16

        2.   Plaintiff Fails to State an Unjust Enrichment or Restitution Claim. ............. 16

        3.   Plaintiff Fails to State a Negligent Misrepresentation Claim. ........ 17

        4.   Plaintiff Fails to State a Fraud Claim. ............................................. 17

    F.   In the Alternative, the Court Should Order Plaintiff to Provide a More Definite Statement. ................................................................................... 18

V.   CONCLUSION .................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*,
    158 Cal. App. 4th 226 (Ct. App. 2007)...................................................................... 17

*Arnold v. Hearst Magazine Media, Inc.*,
    2020 WL 3469367 (S.D. Cal. June 25, 2020)..............................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................... 4

*Bank of New York v. Fremont Gen. Corp.*,
    523 F.3d 902 (9th Cir. 2008) ....................................................................................... 16

*Bates v. United Parcel Serv., Inc.*,
    511 F.3d 974 (9th Cir. 2007) ....................................................................................... 11

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................... 4

*Benton v. CVS Pharmacy, Inc.*,
    2022 WL 1750462 (N.D. Cal. May 31, 2022) ........................................................... 11

*Birdsong v. Apple, Inc.*,
    590 F.3d 955 (9th Cir. 2009) ....................................................................................... 10

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) ....................................................................................... 4

*Brooks v. It Works Mktg., Inc.*,
    2022 WL 2217253 (E.D. Cal. June 21, 2022) ........................................................... 11

*Chase v. Hobby Lobby Stores, Inc.*,
    2017 WL 4358146 (S.D. Cal. Oct. 2, 2017) ................................................................. 5

*Christ Apostolic Church v. Lakeland West Capital*,
    2015 WL 4093775 (C.D. Cal. July 7, 2015)........................................................... 5, 17

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)......................................................................................................... 7

*Davidson v. Apple, Inc.*,
    2017 WL 976048 (N.D. Cal. Mar. 14, 2017)......................................................... 9, 11

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ....................................................................................... 11

# TABLE OF AUTHORITIES
### (Continued)

Page(s)

*Fitzpatrick v. Cap. One Bank (USA), N.A.*,
  2022 WL 16530077 (E.D. Cal. Oct. 28, 2022) ................................................................ 4

*GreenCycle Paint, Inc. v. PaintCare, Inc.*,
  250 F. Supp. 3d 438 (N.D. Cal. 2017) .......................................................................... 13

*Grimm v. APN Inc.*,
  2017 WL 6398148 (S.D. Cal. Aug. 31, 2017) ....................................................... 5, 6, 15

*Guzman v. Polaris Indus. Inc.*,
  49 F.4th 1308 (9th Cir. 2022) ................................................................................ 12, 13

*Hadley v. Kellogg Sales*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...................................................................... 14

*Hall v. Sea World Ent., Inc.*,
  2015 WL 9659911 (N.D. Cal. Dec. 23, 2015) ................................................................. 9

*Hall v. Time Inc.*,
  158 Cal. App. 4th 847 (2008), *as modified* (Jan. 28, 2008) ....................................... 10

*Heck v. Amazon.com, Inc.*,
  2022 WL 17419554 (N.D. Cal. Dec. 5, 2022) ............................................................ 9, 14

*Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*,
  2022 WL 1665220 (E.D. Cal. May 25, 2022) ............................................................... 13

*Herrera v. Wells Fargo Bank, N.A.*,
  2020 WL 5804255 (C.D. Cal. Sept. 8, 2020) ............................................................... 12

*Hodges v. Cty. of Placer*,
  41 Cal. App. 5th 537 (2019) ...................................................................................... 16

*Ibarra v. Pharmagenics LLC*,
  2023 WL 2445397 (C.D. Cal. Mar. 8, 2023) ................................................................ 13

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ............................................................... 8

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................................. 5, 6

*Kerkorian v. Samsung Elecs. Am., Inc.*,
  2021 WL 5399449 (E.D. Cal. Nov. 18, 2021) ................................................................. 5

**TABLE OF AUTHORITIES**
(Continued)

Page(s)

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) ................................................................................ 8, 11

*Lisner v. Sparc Grp. LLC*,
    2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ............................................ 13

*Lopez v. Nissan N. Am., Inc.*,
    201 Cal. App. 4th 572 (2011) ..................................................................... 17

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................... 4, 7

*Madrigal v. Hint, Inc.*,
    2017 WL 6940534 (C.D. Cal. Dec. 14, 2017 ............................................ 12

*Maxwell v. Unilever United States, Inc.*,
    2014 WL 4275712 (N.D. Cal. Aug. 28, 2014) ........................................... 9

*Mayron v. Google LLC*,
    54 Cal. App. 5th 566, 269 Cal. Rptr. 3d 86 (2020) ............................... 2, 10

*Mirkin v. Wasserman*,
    5 Cal. 4th 1082 (1993) ............................................................................... 17

*Monsanto Co. v. Geerston Seed Farms*,
    561 U.S. 139 (2010) .................................................................................... 7

*Moore v. Apple, Inc.*,
    73 F. Supp. 3d 1191 (N.D. Cal. 2014) .................................................... 5, 6

*Moore v. Mars Petcare US, Inc.*,
    966 F.3d 1007 (9th Cir. 2020) .................................................................... 9

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ...................................................................... 4

*Opperman v. Path, Inc.*,
    84 F. Supp. 3d 962 (N.D. Cal. 2015) .......................................................... 7

*Orshan v. Apple Inc.*,
    2018 WL 1510202 (N.D. Cal. Mar. 27, 2018) .......................................... 14

*Phillips v. Apple Inc.*,
    2016 WL 1579693 (N.D. Cal. Apr. 19, 2016) .......................................... 17

**TABLE OF AUTHORITIES**
(Continued)

Page(s)

*Rutter v. Apple Inc.*,
   2022 WL 1443336 (N.D. Cal. May 6, 2022) ............................................................... 8

*Smith Micro Software, Inc. v. Reliance Commc'ns, LLC*,
   2020 WL 225074 (C.D. Cal. Jan. 14, 2020) ............................................................... 16

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ............................................................................... 12, 13

*In re Sony PS3 Other OS Litig.*,
   551 F. App'x 916 (9th Cir. 2014) ............................................................................. 16

*Steel Co v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ...................................................................................................... 4

*Stover v. Experian Holdings, Inc.*,
   978 F.3d 1082 (9th Cir. 2020) .................................................................................... 11

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) (per curiam) ................................................................. 4

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ................................................................................................ 7

*Turnier v. Bed Bath & Beyond Inc.*,
   517 F. Supp. 3d 1132 (S.D. Cal. 2021) .................................................................... 14

*United Studio of Self Def., Inc. v. Rinehart*,
   2019 WL 6973520 (C.D. Cal. Sept. 9, 2019) ............................................................ 16

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................ 6, 17

*Vitiosus v. Alani Nutrition, LLC*,
   2022 WL 2441303 (S.D. Cal. July 5, 2022) ............................................................. 12

*Warth v. Seldin*,
   422 U.S. 490 (1975) .................................................................................................... 8

*Watkins v. MGA Ent., Inc.*,
   550 F. Supp. 3d 815 (N.D. Cal. 2021) ........................................................................ 9

*Welco Elecs., Inc. v. Mora*,
   223 Cal. App. 4th 202 (2014) ................................................................................... 16

**TABLE OF AUTHORITIES**
(Continued)

Page(s)

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) ............................................................... 4

*Yastrab v. Apple Inc.*,
2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ........................................ 6

**Statutes**

9 U.S.C. § 1 ..................................................................................................... 1

Cal. Bus. & Prof. Code
§ 17602(a)(2) .......................................................................................... 14
§ 17602(a)(3) .......................................................................................... 14
§ 17603 .................................................................................................... 10

Cal. Civ. Code
§ 1770(a)(5) ............................................................................................ 14
§ 1770(a)(9) ............................................................................................ 14

**Other Authorities**

Fed. R. Civ. P.
9............................................................................................... 5, 9, 11
9(b)............................................................................................... *passim*
12(b)(1) ................................................................................................ 4
12(b)(6) ................................................................................................ 4
12(e) .................................................................................................... 18

## I.   INTRODUCTION

In the First Amended Class Action Complaint ("FAC"), Plaintiff Kelly Haymond ("Plaintiff") brings wholly unsupported claims against Defendant Lovevery, Inc. ("Lovevery"), predicated on an alleged violation of California's Automatic Renewal Law ("ARL").  Based on the purported ARL violation, Plaintiff asserts a total of seven different claims—alleged violations of California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), and California's Consumers Legal Remedies Act ("CLRA"), as well as common law claims for conversion, unjust enrichment, negligent misrepresentation, and fraud.  Plaintiff seeks a windfall that the law does not support.

Despite having the opportunity to preview Lovevery's arguments in its Motion to Dismiss the Complaint (ECF No. 14), the FAC continues to suffer from numerous critical defects.  At the outset, Plaintiff's claims fail because she does not plausibly allege what she encountered on Lovevery's website two years ago—instead, she pastes screenshots of Lovevery's checkout flow at the time of her filing.  Even then, the FAC unquestionably shows that Lovevery's website is full of disclosures as to the nature of the purchase—it was a subscription—and that it would continue until canceled.  Plaintiff asserts these numerous disclosures somehow amounted to an effort by Lovevery to deceive customers.

But because Plaintiff has rolled any alleged technical violations of the ARL into a unified fraud theory, she is required to meet a heightened pleading standard.  She does not.  She does not even allege what she purportedly purchased on the website or what the website looked like when she went through checkout.  In sum, she does not include even basic facts to support her claims—let alone with the specificity required by Rule 9(b).

While that is reason enough to dismiss, the FAC is deficient for multiple independent reasons, including that Plaintiff lacks standing under Article III and the California consumer statutes, cannot seek the equitable claims and relief alleged in the FAC, and otherwise fails to state a plausible claim to relief.  Consequently, for the reasons discussed below, the FAC should be dismissed.[1]

---

[1] Due to timelines for responsive pleadings, Lovevery has filed this motion concurrently with a renewed Motion to Compel Arbitration.  The Court need not decide this Motion to Dismiss if it orders the Plaintiff to arbitrate her claims, pursuant to the parties' agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*

## II.   RELEVANT BACKGROUND

### A.   Procedural History.

Plaintiff filed this lawsuit against Lovevery on March 3, 2023.  (ECF No. 1.)  On May 5, 2023, Lovevery filed its Motion to Compel Arbitration and concurrently filed a Motion to Dismiss.  (ECF Nos. 13 & 14.)  Plaintiff filed the FAC on May 26, 2023.  (ECF No. 17.)

### B.   The Parties.

Lovevery is headquartered in Boise, Idaho, and incorporated in Delaware.  (FAC ¶ 9.) Lovevery "produces, markets, advertises, sells, and distributes, among other things, educational toys, books, and games via play-kit subscription boxes that are designed to meet the developmental needs and brain development of toddlers and babies."  (*Id*. ¶ 1.)

Plaintiff is a California citizen who alleges she signed up for "a Lovevery Subscription" from Lovevery's website "around February 23, 2021."  (FAC ¶ 8.)

### C.   The Allegations.

All of Plaintiff's claims stem from her enrollment in a subscription box through Lovevery's website and her allegation that Lovevery failed to comply with certain technical requirements of California's ARL when she signed up.  (FAC ¶ 8.)  Plaintiff alleges that Lovevery "fails to provide the requisite disclosures and authorizations required to be made and to be obtained from California consumers under California's Automatic Renewal Law."  (*Id.* ¶ 1.)  She asserts claims for alleged violations of California's UCL, FAL, and CLRA, and for conversion, unjust enrichment, negligent misrepresentation, and fraud.  (*Id*. ¶¶ 77-138.) [2]

But the FAC lacks *any* factual detail about how Lovevery allegedly violated the ARL at the time of _Plaintiff's_ enrollment.  It is simply devoid of any specifics of what Plaintiff did or did not encounter when she enrolled in February 2021.

Unable to muster sufficient allegations about what _Plaintiff_ relied on, Plaintiff spends seven paragraphs on "Background On The Subscription Box Industry," six paragraphs with vague assertions about "Defendant's Dark Patterns And Online Consumer Complaints About the Lovevery

---

[2] While Plaintiff's FAC is predicated on violations of the ARL, that statute does not provide a private right of action.  *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 574-575 (2020).

Subscriptions," and ten paragraphs about the background of California's ARL. (FAC ¶¶ 14-26.)[3] Then Plaintiff goes on to describe "Defendant's Business: The Subscription Enrollment Process," again without once describing what Plaintiff did or did not see in February 2021. (*Id.* ¶¶ 37-65). The FAC references "[b]y way of example" a screenshot from February 2023, which even Plaintiff concedes illustrates that Lovevery presents customers, immediately prior to placing any order, a hyperlink to the complete Terms of Service, and tells them that by clicking "Place your Order" they "agree to the automatic continuation of your Play Kit Subscription until you cancel (which must be processed at least three business days prior to your next shipment)" followed by a description of how to cancel in their account setting. (*Id.* ¶¶ 42, 45-48.) Similarly, Plaintiff includes an "example" confirmation email from February 2023, which tells customers that they have subscribed to Lovevery's services and will be automatically charged for each Play Kit, unless they cancel their membership. (*Id.* ¶ 57.) Thus, even in Plaintiff's own telling, she is not alleging that Lovevery obscured the key facts of the subscription and the ability to cancel, but merely that Lovevery did not meet all of the technical requirements of the ARL. The problem, of course, is that these examples allege nothing regarding Plaintiff's ***own*** purchase a full two years earlier.

Moreover, Plaintiff's allegations are a mere copy-and-paste job, substituting information about one company for another—except when Plaintiff does not even bother to do that. At one point, Plaintiff starts to allege a "Checkout Page for the ***Bespoke Post*** Subscription"—apparently, copy-and-pasted from a lawsuit against an entirely different company.[4] (*See* FAC ¶ 45 (emphasis added).)

After pages of generalized allegations about Lovevery and how it appears in 2023, Plaintiff summarily alleges that she suffered "economic injury" and "would not have enrolled in the Lovevery Subscription. . . or would have subscribed on materially different terms" if Lovevery had made different disclosures. (FAC ¶¶ 62-63.) But Plaintiff fails to explain how any of the preceding allegations provide a factual basis for what Plaintiff was "aware" of or not at the time of her Lovevery

---

[3] In the FAC, Plaintiff adds screenshots and citations to websites with purported consumer complaints. These additions do nothing to remedy Plaintiff's numerous standing issues, because they are irrelevant to Plaintiff's own experience. *See infra*, Section B.

[4] Plaintiff maintained this allegation about an entirely different website, unrelated in any way to Lovevery, in the FAC—despite Lovevery highlighting this copycat pleading deficiency in the Motion to Dismiss the Complaint. (ECF No. 14-1 at 10.)

MEMO ISO LOVEVERY'S MTN. TO DISMISS THE FAC
1:23-cv-00334-ADA-CDB

purchase in February 2021—not what the website displayed two years later, not vague allegations about Lovevery's website generally, and certainly not the checkout page on an entirely different website. In sum, Lovevery and the Court are left guessing at how Plaintiff's allegations about Lovevery's current website (and, apparently, other websites) relate to Plaintiff's claims in particular.

Undeterred, Plaintiff asserts her claims "on behalf of a class of similarly situated individuals" defined as "All persons in California who, within the applicable statute of limitations period…incurred renewal fee(s) in connection with Defendant's Lovevery Subscription offerings." (FAC ¶ 66.)

### III.   LEGAL STANDARD

A court must dismiss claims under Rule 12(b)(1) where a plaintiff has failed to establish standing under Article III of the U.S. Constitution. *See, e.g., White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Steel Co v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). It is Plaintiff's burden to establish standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this heightened pleading standard, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotations marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fitzpatrick v. Cap. One Bank (USA), N.A.*, 2022 WL 16530077, at *2 (E.D. Cal. Oct. 28, 2022). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to save a claim from dismissal. *Ashcroft*, 556 U.S. at 678. Where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory," the claim must be dismissed. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

MEMO ISO LOVEVERY'S MTN. TO DISMISS THE FAC
1:23-cv-00334-ADA-CDB

## IV.   ARGUMENT

Plaintiff fails to state a plausible claim to relief under any standard, much less the heightened pleading standard required for her claims, which all sound in fraud.  Plaintiff also lacks standing to pursue her claims and is otherwise prohibited from seeking the equitable claims and relief alleged in the FAC.

### A.   Plaintiff's FAC Fails to Meet the Requirements of Rule 9.

Plaintiff's core allegation is that Lovevery violated the ARL by making alleged fraudulent misrepresentations about its subscriptions—therefore all of Plaintiff's claims are premised on a unified course of fraudulent conduct.  (*See, e.g.,* FAC ¶ 1 (alleging "an illegal 'automatic renewal' scheme"); *id*. at ¶ 10 (alleging "false and deceptive conduct"); *id*. ¶ 26 (alleging the "artifice devised and employed by Defendant to lure and deceive thousands of consumers into enrolling, and remaining enrolled, in its paid Lovevery Subscription programs").)  Because all of Plaintiff's claims sound in fraud, they are therefore subject to the heightened pleading standards of Rule 9.  *See Grimm v. APN Inc*., 2017 WL 6398148, at *5-6 (S.D. Cal. Aug. 31, 2017) ("When a plaintiff alleges a 'unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim, . . . [that] claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of the claim as a whole must satisfy the particularity requirements of Rule 9(b).'") (citation omitted); *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding CLRA, FAL and UCL claims to Rule 9's heightened pleading standard); *Chase v. Hobby Lobby Stores, Inc*., 2017 WL 4358146, at *7 (S.D. Cal. Oct. 2, 2017) ("The heightened pleading standard applies to claims under the CLRA, UCL, and FAL."); *Christ Apostolic Church v. Lakeland West Capital*, 2015 WL 4093775, at *4 (C.D. Cal. July 7, 2015) ("As with intentional misrepresentation, claims for negligent misrepresentation must meet Rule 9(b)'s particularity requirements."); *see, e.g., Kerkorian v. Samsung Elecs. Am., Inc*., 2021 WL 5399449, at *5 (E.D. Cal. Nov. 18, 2021) (dismissing plaintiff's UCL, FAL, and misrepresentation claims, "all of which are rooted in fraud," for failing to meet Rule 9(b) standards).

To satisfy this heightened standard, the plaintiff must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Moore v. Apple, Inc*., 73 F. Supp. 3d 1191, 1198 (N.D. Cal. 2014) (quotations

and citation omitted).  The plaintiff must also set forth "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted); *see Kearns*, 567 F.3d at 1124 ("A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.") (quotations and citation omitted).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *see* Fed. R. Civ. P. 9(b); *see also Yastrab v. Apple Inc*., 2015 WL 1307163, at *4 (N.D. Cal. Mar. 23, 2015) ("Plaintiff must at the very least describe some specific statements, state where or on what medium those statements were made, and reveal how Plaintiff accessed them.").

Here, and as further demonstrated below, Plaintiff's FAC lacks any of the "what, when, where, and how" facts of the misconduct charged.  *Vess*, 317 F.3d at 1106.  It alleges "[Defendant's] missing and/or incomplete disclosures on the Checkout Page and in the Acknowledgement Email," FAC ¶ 8, without alleging what representations Plaintiff saw, what she bought, how any disclosures she saw were "missing and/or incomplete," or even that she did not know they would renew.  Plaintiff merely states that she made a purchase from Lovevery's website at some point in February 2021 but does not allege what she specifically encountered.  She does not even allege which of Lovevery's subscriptions she purchased.  "This sort of general description is insufficient where Rule 9(b) applies." *Grimm*, 2017 WL 6398148, at *6; *Kearns*, 567 F.3d at 1125–26 (finding a complaint alleging false representation in advertisements insufficient under Rule 9(b) where it failed to allege any particular circumstances surrounding the misrepresentation, including where the plaintiff was exposed to the misrepresentations or which ones he found material, and which sales materials he relied upon in making his purchase decision).  Because Plaintiff has failed to sufficiently allege any of the "what, when, where, and how" facts of the misconduct charged, the FAC should be dismissed.

**B.      Plaintiff Lacks Standing to Pursue Her Claims.**

Plaintiff fails to show injury-in-fact required for Article III standing, much less the substantially narrower economic injury-in-fact standing requirements for her claims under California consumer statutes.

### 1.    Plaintiff Has Not Alleged Concrete Injury-In-Fact.

"To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 149 (2010)).  "[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).  Plaintiff does not offer any concrete allegations regarding any actual injury-in-fact—instead, vaguely asserting a hypothetical that maybe "she would have not subscribed [] at all" or maybe she would not have subscribed "on the same terms" if Lovevery had complied with the ARL. (FAC ¶ 8.) That conjectural allegation is simply insufficient to confer standing.  *See Lujan* 504 U.S. at 560-561 (An "injury in fact" requires "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, ***not conjectural or hypothetical***.") (emphasis added) (citations omitted).

Plaintiff does not explain how she has been concretely injured by Lovevery's disclosures or identify how any specific aspects of the sign-up process caused her harm.  Nor does she allege that she did not want the materials she received as part of the subscription or that she sought and was denied a refund.  (FAC ¶ 8.)  The FAC states that "Ms. Haymond attempted to cancel her Lovevery Subscription in order to avoid incurring any additional future charges, which she struggled to do due to Defendant's obscured, confusing, and time-consuming cancellation policy," but it does not say she was unable to cancel, or how it was "obscured," "confusing," or "time-consuming." (*Id.*)

Absent any concrete allegations of injury, Plaintiff appears to assert that an alleged technical violation is a per se injury that automatically satisfies Article III without more.  But merely alleging a technical statutory violation does not entitle Plaintiff to a presumption of injury—Plaintiff must show the purported conversion injured her in some concrete way.  *See, e.g., TransUnion*, 141 S. Ct. at 2205; *Opperman v. Path, Inc*., 84 F. Supp. 3d 962, 990 (N.D. Cal. 2015) (dismissing conversion claim for lack of Article III standing where plaintiffs failed to allege an injury-in-fact and rejecting argument

that California statute entitled them to presumption of injury).  Because Plaintiff does not plausibly allege any concrete injury-in-fact, the FAC should be dismissed for lack of Article III standing.

Nor can Plaintiff rely on the bare assertion that unidentified class members "incurred substantial financial injury" as a "direct result of Defendant's non-compliant cancellation mechanism."  (FAC ¶ 61.)  In a putative class action, the named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Warth v. Seldin*, 422 U.S. 490, 502 (1975).  Thus, in the class action context, plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Id*. at 502.  Where plaintiffs attempt to rely on purported harms to a proposed class without demonstrating they personally suffered a concrete injury, courts routinely dismiss complaints for lack of standing.  *See In re iPhone Application Litig*., 2011 WL 4403963, at *5 (N.D. Cal. Sept. 20, 2011) (dismissing complaint for lack of standing where plaintiffs "stated general allegations about the Mobile Industry Defendants… but Plaintiffs have not identified an actual injury to themselves sufficient for Article III standing").  The FAC is devoid of any plausible allegation that Plaintiff herself suffered injuries, even while speculating about harms that other unidentified Lovevery customers may have experienced.

### 2.  Plaintiff Has Not Plausibly Alleged She Suffered Economic Injuries Because of Lovevery's Alleged Statutory Violations.

Even if Plaintiff could show Article III standing, she certainly has not met the "substantially narrower" statutory requirements of economic injury required for her UCL, CLRA and FAL claims.  *Kwikset Corp. v. Super. Ct*., 51 Cal. 4th 310, 324 (2011).  To show standing under the UCL, FAL and CLRA, Plaintiff must (1) plead economic injury and (2) show the injury was caused by the alleged conduct.  *Id*. at 322 (UCL and FAL).

Plaintiff would first have to plausibly allege she suffered her "economic injuries" by *relying* on Lovevery's purported statutory violations.  *See, e.g., Rutter v. Apple Inc*., 2022 WL 1443336, at *6 (N.D. Cal. May 6, 2022) (holding that plaintiffs had no standing to assert technical violations of the ARL where they had not "plausibly allege[d] that they suffered their economic injuries by relying on

that statutory violation."); *Hall v. Sea World Ent., Inc.*, 2015 WL 9659911, at *6 (N.D. Cal. Dec. 23, 2015) (plaintiffs lacked standing to bring claims based on alleged misrepresentations and omissions where they did not allege that they saw or heard any representations by defendant before suffering economic injury).  She does not and cannot allege that she personally suffered any economic injury caused by any purported misrepresentations or omissions, because she does not allege what specific representation by Lovevery she saw or was exposed to in 2021, much less that she relied on any such representation.

Instead, Plaintiff makes only a conclusory claim that "[h]ad Defendant fully and clearly disclosed the terms and purchase price associated with the Lovevery Subscriptions, Plaintiff and the Class would have not subscribed to the Lovevery Subscriptions, or they would have cancelled their Lovevery Subscriptions earlier, *i.e.*, prior to the expiration of the initial subscription period."  (FAC ¶ 117.)  This does not identify any misrepresentation she saw and relied on—much less explain why it was false or misleading.[5]  Because Plaintiff has failed to sufficiently allege what Lovevery misrepresented, or what partial representations Lovevery made or supposedly omitted, her UCL, FAL, and CLRA claims should be dismissed.

To the extent plaintiff is relying on an omissions theory, she still must meet the requirements of Rule 9.  *Heck v. Amazon.com, Inc.*, 2022 WL 17419554, at *4 (N.D. Cal. Dec. 5, 2022) ("Omissions-based claims must be pled with particularity.");  *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 833 (N.D. Cal. 2021) ("Rule 9(b) requires the plaintiff to allege [the] particular circumstances surrounding the representations at issue.").  In *Heck*, the court analyzed a UCL claim predicated on a technical ARL violation—an omissions theory—and found the plaintiff "failed to sufficiently allege what statements or disclosures she allegedly saw" related to her enrollment under the standards of Rule 9.  2022 WL 17419554, at *5.  The court concluded it was "unable to evaluate whether any such disclosures or lack thereof violate the ARL" and dismissed the UCL claim.  *Id*.  So too here, Plaintiff's

---

[5] The Rule 9(b) particularity requirement applies to the circumstances surrounding reliance because her claims are predicated on misrepresentation and deception.  *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019-1020 (9th Cir. 2020) (UCL and FAL); *Davidson v. Apple, Inc.*, 2017 WL 976048, at *9 (N.D. Cal. Mar. 14, 2017) (CLRA and UCL); *see also Maxwell v. Unilever United States, Inc.*, 2014 WL 4275712, at *4 (N.D. Cal. Aug. 28, 2014) (actual reliance required under UCL "unlawful" and "unfair" prongs where "predicate unlawfulness is misrepresentation and deception").

total failure to allege what she saw when signing up precludes the Court from evaluating whether there were any technical failures that violated the ARL, and the UCL "unlawful" claim predicated on alleged ARL violations should be dismissed.

Indeed, Plaintiff cannot claim injury because her "injury" is entirely based on an alleged hyper-technical violation of the ARL—not of the goods themselves.  *Hall v. Time Inc*., 158 Cal. App. 4th 847, 855 (2008), *as modified* (Jan. 28, 2008) ("He expended money by paying Time $29.51—but he received a book in exchange. He did not allege he did not want the book, the book was unsatisfactory, or the book was worth less than what he paid for it.") (finding plaintiff failed to allege injury-in-fact). Here, Plaintiff alleges an amount paid for the subscriptions, but she has not alleged that she did not want the goods that were subsequently delivered to her, that she did not receive the value paid for them, or that she made any attempt to return them.  As in *Hall*, she has not alleged injury.

To the extent she alleges injury based on the statute's provision that any delivered goods can be treated as gifts, pursuant to Cal. Bus. & Prof. Code § 17603, California has made clear that plaintiffs have no private right of action under the ARL and cannot recover under the provisions of § 17603. *See, e.g., Mayron,* 54 Cal. App. 5th at 575 (rejecting plaintiff's argument that he lost money "as a direct result of Google's alleged statutory violation because he paid for something he did not need to pay for" premised on gift provision).  And just as allegations regarding other class members cannot meet standing for Article III purposes, Plaintiff's allegations regarding a proposed class are insufficient to meet standing for her state law claims.  *See, e.g., Birdsong v. Apple, Inc*., 590 F.3d 955, 960-61 (9th Cir. 2009) (affirming dismissal of UCL claim for lack of standing where plaintiffs alleged "a potential risk of hearing loss not to themselves, but to other unidentified iPod users").

Taken together, Plaintiff seeks an obvious windfall by simply claiming that an alleged hyper-technical violation of the ARL made her act differently than she might have if the website had been in full compliance with the ARL.  (FAC ¶ 8.)  But she takes no issue with the products she received, so even despite her hypothetical assertion, she has not shown injury, because her only issue is the website. If her premise is that she may or may not have acted differently if the website were in full technical compliance (based on her faulty reading of the statute), any website purchaser could make numerous

MEMO ISO LOVEEVERY'S MTN. TO DISMISS THE FAC
1:23-cv-00334-ADA-CDB

California statutory claims and common law claims (as she has)—without more.  This is the exact kind of litigation that Proposition 64 was trying to prevent.  *See Kwikset*, 51 Cal.4th 310 at 317.

In sum, nowhere in the FAC does she plausibly allege injury—economic or otherwise—much less with the particularity required by Rule 9.  Her CLRA, UCL and FAL claims must be dismissed for this reason alone.

### 3.    Plaintiff Has Not Alleged Any Immediate Threat of Repeated Injury Sufficient to Seek Injunctive Relief.

Plaintiff also lacks Article III standing to seek injunctive relief in federal court.  A plaintiff must demonstrate Article III standing "with respect to each form of relief sought." *Bates v. United Parcel Serv., Inc*., 511 F.3d 974, 985 (9th Cir. 2007).  To seek injunctive relief in federal court, a Plaintiff must allege Article III standing.  *See Stover v. Experian Holdings, Inc*., 978 F.3d 1082, 1087 (9th Cir. 2020).  To meet this standard, Plaintiff is required to plead a threat of actual and imminent future harm that is redressable by the injunctive relief sought.  *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 966-70 (9th Cir. 2018); *Benton v. CVS Pharmacy, Inc*., 2022 WL 1750462, at *2 (N.D. Cal. May 31, 2022) ("An intention to purchase in the future . . . is necessary to establish Article III standing."); *Brooks v. It Works Mktg., Inc*., 2022 WL 2217253, at *7 (E.D. Cal. June 21, 2022) (same).  In *Brooks*, the court found the plaintiff lacked Article III standing to seek injunctive relief where she failed to allege "that she continues to desire purchasing" defendant's products "and would in fact purchase such products in the future if they were available." *Id*.  Thus, the court concluded that the plaintiff failed to allege the threat of future harm required for Article III standing under *Davidson*.  *Id*.

Here, as in *Brooks*, the FAC is devoid any allegation of possible future harm to Plaintiff, nor can Plaintiff allege such harm.  Plaintiff does not allege she remains an active Lovevery subscriber or explain how she "continues to suffer" any economic injury, especially since she cancelled her subscription.[6]  The allegations in the FAC make clear that Plaintiff is aware that Lovevery is a subscription-based product, and she expresses no desire to re-subscribe to the products.  As such, there

---

[6] Plaintiff alleges that she may have "cancelled her Lovevery Subscription *earlier*" if supposed technicalities had not been present, not that she could not cancel.  (FAC ¶ 8 (emphasis added).)  Nowhere in the FAC does Plaintiff allege she is a current subscriber.  And, again, there is no allegation of any attempt to return any products—much less any *unsuccessful* attempt.

Memo ISO Lovevery's Mtn. To Dismiss the FAC
1:23-cv-00334-ADA-CDB

is no risk of future injury to Plaintiff, and she lacks standing to pursue injunctive relief of any kind. *See, e.g., Herrera v. Wells Fargo Bank, N.A.*, 2020 WL 5804255, at *5 (C.D. Cal. Sept. 8, 2020) (finding plaintiff who was "aware of" and had already allegedly been injured by the challenged practice lacked standing to seek public injunctive relief); *see also Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022) ("an explicitly stated intention or desire to purchase in the future is required to demonstrate a concrete injury for standing to seek injunctive relief") (emphasis added). Because Plaintiff has not alleged Article III standing, she cannot seek injunctive relief in federal court—public or private. Accordingly, Plaintiff's requests for injunctive relief under her CLRA, UCL and FAL claims must be dismissed.

### C. Plaintiff's Equitable Claims and Requests for Equitable Relief Should be Dismissed Under *Sonner* and *Guzman*.

Plaintiff's equitable claims and requests for equitable relief must be dismissed for an independent reason: Plaintiff fails to demonstrate that money damages are inadequate. The Ninth Circuit has made clear that a plaintiff must "lack[] an adequate remedy at law" in order to invoke federal equitable jurisdiction and maintain an equitable claim in federal court. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). In other words, if an adequate legal remedy exists, a plaintiff's equitable claims and requests for equitable relief are barred. *Id.*; *see also Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022) (holding plaintiff "could not bring his equitable UCL claim in federal court because he had an adequate legal remedy" in his CLRA claim, even though such claim was time-barred). Here, Plaintiff asserts legal claims for money damages, and as such she does not lack an adequate remedy at law as required under *Sonner* and *Guzman* to pursue equitable claims and requests for equitable relief.

Each of Plaintiff's claims arises out of, and depends on, the same alleged wrongdoing. She asserts a mix of legal and equitable claims, and she seeks equitable relief under both sets of claims. For example, she asserts legal claims for damages in her fraud, negligent misrepresentation, conversion, and CLRA (for damages) counts. Plaintiff's claims under the UCL, FAL, and CLRA (for injunctive relief) are equitable, as is Plaintiff's claim for unjust enrichment. *Madrigal v. Hint, Inc.*, 2017 WL 6940534, at *5 (C.D. Cal. Dec. 14, 2017) ("UCL, FAL, and unjust enrichment claims, as

MEMO ISO LOVEVERY'S MTN. TO DISMISS THE FAC
1:23-cv-00334-ADA-CDB

1  well as restitution and injunctive relief claims under the CLRA[,] are equitable claims.").  Plaintiff

2  also seeks equitable relief under her legal claims for fraud (FAC ¶ 133), negligent misrepresentation

3  (*id.* ¶ 138), and in her Prayer for Relief.

4       The FAC does not allege or otherwise demonstrate why the legal relief she seeks is inadequate

5  to remedy the alleged injury caused by the purported misconduct.  As such, Plaintiff cannot maintain

6  her equitable claims or seek equitable relief.  *See Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*,

7  2022 WL 1665220, at *8 (E.D. Cal. May 25, 2022); *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at

8  *7 (C.D. Cal. Dec. 29, 2021) (dismissing UCL and FAL claims because plaintiffs failed to show why

9  damages would not make them whole); *see also Ibarra v. Pharmagenics LLC*, 2023 WL 2445397, at

10  *4 (C.D. Cal. Mar. 8, 2023) (noting "that *Sonner* . . . applies to other types of equitable relief," beyond

11  restitution, and further rejecting the "argument that *Sonner* does not preclude pleading claims for legal

12  remedies and equitable remedies in the alternative").

13       Plaintiff's UCL, FAL, and unjust enrichment claims should be dismissed in their entirety under

14  *Sonner* and *Guzman* (and their progeny), as these claims only request equitable relief.  Plaintiff's

15  CLRA, fraud, negligent misrepresentation claims and Prayer for Relief should likewise be dismissed

16  in part as to the requests for equitable relief.

17         **D.**    **Plaintiff Fails to State a Claim Under Any UCL Prong.**

18       Plaintiff's claims under the "unlawful" prong of the UCL are predicated on alleged violations

19  of the ARL and the CLRA.  (FAC ¶¶ 77-96.)  Neither are a sufficient basis for an actionable UCL

20  claim because neither is pled beyond bare legal elements.  *See, e.g., GreenCycle Paint, Inc. v.

21  PaintCare, Inc.*, 250 F. Supp. 3d 438, 451-52 (N.D. Cal. 2017) ("[W]here the same conduct alleged to

22  be unfair under the UCL is also alleged to be a violation of another law, the UCL claim rises or falls

23  with the other claims.") (citation omitted).

24       As for the CLRA, Plaintiff fails to plead the elements of the only two CLRA statutes she

25  specifies.  (*See* FAC ¶ 116.)  ***First***, the bald allegation that Lovevery violated the CLRA "in at least

26  the following respects"—leaving Lovevery and the Court to guess at whether Plaintiff has in mind any

27  of the other 27 potential CLRA violations under state statute—does not satisfy basic notice pleading

28  standards.  (*Id.*)  ***Second***, the core of the CLRA claims she does allege are premised on

misrepresentations.  *See* Cal. Civil Code §1770(a)(5) ("Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have."); Cal. Civil Code § 1770(a)(9) ("Advertising goods or services with intent not to sell them as advertised.").  Moreover, Plaintiff's CLRA claim is premised on alleged "acts and practices of Defendant … [that] were intended to deceive…"  (FAC ¶ 116.)  Therefore, the CLRA claims sound in fraud and are subject to Rule 9(b)'s heightened pleading standard.  *See Orshan v. Apple Inc*., 2018 WL 1510202, at *5-6 (N.D. Cal. Mar. 27, 2018) (dismissing CLRA and UCL claims under Rule 9(b) standard where claims were based on alleged misrepresentations); *Hadley v. Kellogg Sales*, 243 F. Supp. 3d 1074, 1085 (N.D. Cal. 2017) (same).  Thus, Rule 9(b)'s heightened pleading standard applies and she must provide "an account of the time, place, and specific content of the false representations." *Orshan*, 2018 WL 1510202, at *2 (citation omitted).  Here, the FAC is devoid of *any* allegations about what "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities" Lovevery's products purportedly do not have, as required for Cal. Civil Code §1770(a)(5), or how Lovevery intended to sell services or goods not as advertised, as required for Cal. Civil Code §1770(a)(9)— much less with the specificity required under Rule 9(b).  The UCL unlawful prong predicated on the CLRA and the independent CLRA claims should be dismissed for these reasons.

As to the claim that Lovevery violated the unlawful prong of the UCL by failing to adhere to the technical requirements of the ARL, the FAC is devoid of any facts to support the contention that Lovevery did not comply with the ARL during *Plaintiff's* enrollment.  This lack of factual support related to her Lovevery enrollment defeats her ARL-related claims, and therefore the "unlawful" prong of the UCL.  *See Heck,* 2022 WL 17419554, at *5 ("Plaintiff has failed to sufficiently allege what statements or disclosures she allegedly saw related to … enrollment . . . and Plaintiff's unlawful claim predicated on a violation of the ARL fails."); *Turnier v. Bed Bath & Beyond Inc*., 517 F. Supp. 3d 1132, 1140 (S.D. Cal. 2021) (dismissing complaint predicated on ARL violations where there were "insufficient factual allegations to show [d]efendant did not comply with section 17602(a)(2) or 17602(a)(3)"); *Arnold v. Hearst Magazine Media, Inc*., 2020 WL 3469367, at *7 (S.D. Cal. June 25, 2020) (dismissing complaint where plaintiff "fail[ed] to allege facts from which the [c]ourt can identify any violation of the Automatic Renewal Law").  Here, as in *Heck*, Plaintiff does not say what she saw,

what representations were made or not made, and what material facts were suppressed.  These failures are fatal to the "unlawful" UCL claim.

Even if she had alleged the website checkout flow shown in the FAC was the one she experienced two years earlier (she has not, and cannot so allege), the screenshots demonstrate it is implausible that she did not understand she had purchased a subscription that was good until canceled. (*See, e.g.*, FAC ¶¶ 42, 57.)[7]  Though she makes an effort to at least describe the elements of the ARL statute, she fails to explain how she did not consent to the terms, how the cancellation policy wasn't presented in a conspicuous manner, or what disclosures were partial or insufficient.  *See also supra*, Sections A, B(1)-(2).  The Court and Defendant are again left to wonder how exactly she was purportedly confused regarding the nature of the kits—a subscription—or how to cancel it (which she did).

To the extent she has attempted to state a claim under the "unfair" prong of the UCL—which is not at all clear, but for repeated, vague references to "Defendant's unlawful ***and/or*** unfair practices" (FAC ¶ 85 (emphasis added))—Plaintiff's claim is devoid of even a bare recital of the elements of a cause of action, let alone any factual support.  Plaintiff also makes a passing reference to the "fraudulent" prong of the UCL.  (FAC ¶ 65.)  The fraudulent prong claim—to the extent it is alleged at all—fails for the same reason as the other prongs.  The "fraudulent" prong, like the unlawful and unfair prongs, must be pled with the heightened pleading standard of Rule 9(b).  *See e.g., Grimm,* 2017 WL 6398148, at *5-6.  Plaintiff has not met this standard, nor has she alleged the necessary statutory standing.  Therefore, the claim should be dismissed.

### E.    Plaintiff's Common Law Claims Fail.

Plaintiff's conversion, unjust enrichment, negligent misrepresentation, and fraud claims each fail to plead necessary elements of each claim, and because Plaintiff's Count V, for "Unjust Enrichment / Restitution," is not recognized as a standalone cause of action under California law.

---

[7] At one point, she even attempts to insert an ARL "checkbox" requirement into the statute. (FAC ¶¶ 53-54.) The ARL statute does not require a "checkbox."

### 1.      Plaintiff Fails to State a Conversion Claim.

Plaintiff has not established a conversion, which is "the wrongful exercise of dominion over the property of another." *Hodges v. Cty. of Placer*, 41 Cal. App. 5th 537, 551 (2019).  The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.  *Id.*; *see also Bank of New York v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).  "Money may be the subject of conversion if the claim involves a specific, identifiable sum." *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 209 (2014).

Here, Plaintiff has not pled the requisite "specific, identifiable sum" of money that forms the basis of her claim for her conversion.  Allegations that she paid money for something are not enough— plaintiffs must plead "allegations as to a specific sum they believe was misused." *United Studio of Self Def., Inc. v. Rinehart*, 2019 WL 6973520, at *5 (C.D. Cal. Sept. 9, 2019).  Even if she had pled a value of a converted sum of money, she has not pled damages, which is a separate and necessary element of the claim. *See Bank of New York*, 523 F. 3d at 914.  As discussed, *supra*, Sections B(1)-(2), Plaintiff does not plausibly allege that she personally incurred any actual damage at all. Plaintiff's claim to conversion appears to rely entirely on alleged violations of the ARL that, as already discussed, are themselves factually unsupported.  Because she fails to plead the basic elements of a conversion claim, this cause of action should be dismissed.

### 2.      Plaintiff Fails to State an Unjust Enrichment or Restitution Claim.

Restitution is synonymous with unjust enrichment and cannot be given where the Plaintiff has adequate remedies at law. *In re Sony PS3 Other OS Litig.*, 551 F. App'x 916, 923 (9th Cir. 2014).  As shown above, Plaintiff has not established that she does not have adequate remedies at law.  Plaintiff's unjust enrichment and restitution claims also fail because they are not standalone claims under California law. *See Smith Micro Software, Inc. v. Reliance Commc'ns, LLC*, 2020 WL 225074, at *4 (C.D. Cal. Jan. 14, 2020) (citation omitted).  Rather, unjust enrichment and restitution "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit." *Id*.  For all these reasons, Plaintiff cannot state a claim for unjust enrichment.

### 3.     Plaintiff Fails to State a Negligent Misrepresentation Claim.

Plaintiff fails to plead the basic elements of a negligent misrepresentation claim, particularly since it is subject to Rule 9(b)'s heightened pleading standard.  *Christ Apostolic Church v. Lakeland West Capital*, 2015 WL 4093775, at *4 (C.D. Cal. July 7, 2015) ("As with intentional misrepresentation, claims for negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").  Negligent misrepresentation requires "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (Ct. App. 2007).

Plaintiff fails to allege *any* misrepresentation, and her vague references to omissions cannot support a negligent misrepresentation claim under California law.  *See Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 592, 596 (2011) (negligent misrepresentation in California "requires a positive assertion").  There are no allegations that Lovevery lacked reasonable grounds for its statements or that there was an intent to induce reliance on any alleged misrepresentation.  And at the pleading stage, Plaintiff must plead that she actually relied on a misrepresentation—which she does not, because she does not allege one in the first instance.  *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1088 & n.2 (1993) (holding that plaintiff "must plead that he or she actually relied on the misrepresentation" to plead a negligent misrepresentation claim); *Phillips v. Apple Inc.*, 2016 WL 1579693, at *8 (N.D. Cal. Apr. 19, 2016) (plaintiffs lacked standing because they failed to plead actual reliance upon the alleged misrepresentations and omissions).  Even if she had alleged these elements, she has not done so with the specificity required under Rule 9(b), nor has she alleged damages.  Plaintiff does not plausibly allege that she personally incurred any actual damage at all.  *See supra*, Sections A, B(1)-(2).  For all these reasons, the negligent misrepresentation claim should be dismissed.

### 4.     Plaintiff Fails to State a Fraud Claim.

For the same reasons established in Sections A, B(1)-(2), *supra*, Plaintiff fails to state a claim for fraud because she does not allege any of the "what, when, where, and how" facts of the alleged fraud.  *Vess*, 317 F.3d at 1106.

1

**F.     In the Alternative, the Court Should Order Plaintiff to Provide a More Definite Statement.**

2

3       In the alternative, Lovevery moves for a more definite statement.  "A party may move for a

4    more definite statement of a pleading to which a responsive pleading is allowed but which is so vague

5    or ambiguous that the party cannot reasonably prepare a response."  *See* FRCP 12(e).  If this Court

6    does not dismiss the claims for the deficiencies and ambiguities set forth herein, Lovevery requests

7    the Court to address the deficiencies addressed herein as contemplated by Rule 12(e).  Without a more

8    definite statement, Lovevery cannot properly respond to the allegations set forth in the FAC.

9    **V.    CONCLUSION**

10       For the reasons herein, the Court should dismiss Plaintiff's FAC in its entirety. In the

11   alternative, Lovevery respectfully requests that it grant the alternative request to require Plaintiff to

12   provide a more definite statement pursuant to FRCP 12(e).

13

14   Dated:  June 9, 2023                           COOLEY LLP

15                                                  */s/ Michelle Doolin*
                                                    Michelle Doolin (179445)
16
                                                    Attorney for Defendant
17                                                  LOVEVERY, INC.

18

19

20

21

22

23

24

25

26

27

28

MEMO ISO LOVEVERY'S MTN. TO DISMISS THE FAC
                                           1:23-cv-00334-ADA-CDB