UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY HAYMOND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOVEVERY, INC.,<br><br>Defendant. | Case No. 1:23-cv-00334-ADA-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Docs. 25)<br><br>ORDER DIRECTING TERMINATION OF PENDING MOTIONS AS MOOT<br><br>(Docs. 13, 14, 20, 21) |

Plaintiff Kelly Haymond ("Plaintiff") filed a complaint against Defendant Lovevery, Inc. ("Defendant") on March 3, 2023. (Doc. 1). On May 26, 2023, Plaintiff filed the operative first amended complaint. (Doc. 17). On June 9, 2023, Defendant filed a motion to compel arbitration and motion to dismiss. (Docs. 20-21). On July 3, 2023, the parties filed a stipulation to stay this action. (Doc. 23). The Court granted the parties' request to stay on July 5, 2023. (Doc. 24).

Pending before the Court is Plaintiff's notice of voluntary dismissal pursuant to Rule 41(a), in which Plaintiff notices dismissal of her individual claims with prejudice and putative

class members' claims without prejudice.  (Doc. 25).[1]

Plaintiff is entitled to dismiss her individual claims with prejudice and without court order because her filing is made before Defendant served either an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class **proposed to be certified for purposes of settlement** ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss the putative class claims under Rule 41(a)(1) without prejudice.  This case is in the initial stages, and thus, Plaintiff has not sought certification. Indeed, as noted above, Defendant has not answered and the case has not convened for a scheduling conference.  Thus, while the case is a putative class action, no class has yet been certified, nor is certification being proposed for purposes of settlement.

Because no class has been certified in this case, and because any dismissal without prejudice would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing that is consistent with Rule 41(a)(1)(A)(i) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

---

[1] On July 31, 2023, the Court erroneously entered an order characterizing Plaintiff's notice of voluntary dismissal as a notice of settlement.  (Doc. 26).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(i).

By this closure, Defendant's pending motions (Docs.13, 14, 20, 21) are MOOT.

IT IS SO ORDERED.

Dated: **August 2, 2023**

_____
UNITED STATES MAGISTRATE JUDGE